UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. GARRETT,

        Plaintiff,

                                      Case Number 11-10401

v.                                            Honorable David M. Lawson

UNITED STATES OF AMERICA, and
JOHN DOE 1, 2, and 3, unknown federal
agents,

        Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

      Plaintiff Michael R. Garrett, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint against the United States and unknown federal agents alleging that the defendants deprived him of a variety of federal constitutional rights. Garrett is serving a state sentence of 20 to 60 years for kidnapping, which is unrelated to the subject of his present lawsuit. According to the complaint, supplemented by information from the PACER system, of which the Court may take judicial notice, *see Graham v. Smith,* 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003), various unnamed federal agents and employees coerced the plaintiff into pleading guilty to federal criminal charges by the use of "hideous harrassments and discouragements to harm and torture." Compl. Addendum at 2. Although the plaintiff does not clearly indicate the crimes to which he pleaded guilty, the docket in the United States District Court for the Northern District of Georgia shows guilty pleas to one count of kidnaping, 18 U.S.C. § 1201(a)(1), and one count of interstate transportation of a stolen vehicle, 18 U.S.C. § 2312. The plaintiff was sentenced to concurrent prison terms of 151 months in prison for kidnaping and 120 months for interstate transportation of a stolen vehicle conviction. *See United States v. Garrett,* No. 05-00185-CR-1-1

(N.D. Ga., July 13, 2006); *see also United States v. Garrett,* 218 F. App'x. 866, 867 (11th Cir. Feb. 22, 2007). The plaintiff alleges that the defendants deprived him of his rights against torture, against erroneous extradition, to federal due process, to a speedy trial, against being placed in Double Jeopardy, to habeas corpus relief, and various trial and appellate rights. He also says that the defendants deprived him of the "prohibitions against status crime" and his right against sentence entrapment. Compl. Addendum at 3. The plaintiff seeks "complete restoration of [his] U.S. Constitutional rights," declaratory and equitable relief, and monetary damages. Compl. § III at 7.

As authority for his entitlement to relief, the plaintiff cites 42 U.S.C. § 1983. Section 1983 does not apply to actions against federal officials. However, because an equivalent remedy against persons acting under color of federal law exists under the Constitution, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971), the Court will construe the complaint as asserting such a theory of recovery.

The plaintiff paid the full filing fee in this case. However, in the Prison Litigation Reform Act (PRLA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the prisoner's civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 81, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604, 608 (6th Cir. 1997) (holding that "[a] district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The plaintiff's complaint is subject to dismissal for several reasons. First, the plaintiff appears to challenge the validity of his criminal convictions. However, when a state prisoner

contests the fact or duration of his physical imprisonment and seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). For federal prisoners, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A motion under section 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997) ("Section 2255 is . . . a statutory remedy that Congress enacted to supplant habeas corpus for federal prisoners."). The plaintiff, however, already has filed a motion to vacate sentence under section 2255, which the district court denied as untimely under 28 U.S.C. § 2255(f). *United States v. Garrett,* No. 05-00185 (N.D. Ga. Aug. 31, 2010).

Second, the plaintiff may not seek monetary damages arising from his criminal conviction without showing that his criminal conviction has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rationale behind *Heck* applies to *Bivens* actions against persons acting under color of federal law. *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998). Because plaintiff has not alleged that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations about irregularities in his criminal prosecution, conviction, and incarceration fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Lanier*, 332 F.3d at 1005-06; *Dekoven*, 140 F. Supp. 2d at 756.

When a prisoner's civil rights claim is barred by *Heck v. Humphrey* and his complaint also fails to state a claim for which relief can be granted, the appropriate course is to dismiss it without prejudice for lack of subject matter jurisdiction rather than with prejudice as frivolous. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   February 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2011.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL

---