UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. GARRETT,

Plaintiff,

v.

Case Number 11-10401
Honorable David M. Lawson

UNITED STATES OF AMERICA, and JOHN DOE 1, 2, and 3, unknown federal agents,

Defendants.

______________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

The plaintiff, who is currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* civil rights complaint on February 1, 2011. The Court summarily dismissed the plaintiff's complaint on February 22, 2011. The plaintiff filed a motion for reconsideration on March 21, 2011, arguing that he should have had an opportunity to respond before the Court took case-dispositive action. On March 25, 2011, the Court granted the motion for reconsideration, reopened the case, and granted the plaintiff leave to file an amended complaint by April 15, 2011. The Court granted the plaintiff an extension until May 20, 2011, but denied all other requests for extensions. On May 20, 2011, the plaintiff did not file an amended complaint but instead filed a motion seeking an admission of torture by the government. The Court dismissed the plaintiff's case with prejudice for failure to comply with the Court's order permitting the plaintiff to file an amended complaint and for the reasons stated in the Court's order of February 22, 2011.

Presently before the Court is the plaintiff's motion for reconsideration of the Court's order dismissing the case with prejudice. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court

and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion for reconsideration, the plaintiff again requests an extension of the deadline for filing his amended complaint, an issue on which the Court already ruled. In addition, the plaintiff has not given the Court even a hint of a plausible claim that he plans to include in his amended complaint. He leaves the Court in the dark as to the merits of his motion for an extension of time and the present motion for reconsideration. The plaintiff does not explain why he believes the Court's original determination that the case should be dismissed was erroneous and needs to be reconsidered. It is not sufficient for the plaintiff to argue that the Court should grant him additional leeway as a *pro se* litigant; the plaintiff must identify a clear error in the Court's reasoning. For these reasons, the Court will deny the plaintiff's motion for reconsideration.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #23] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 2, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL