UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. GARRETT,

        Plaintiff,

v.

        Case Number 11-10401
        Honorable David M. Lawson

UNITED STATES OF AMERICA, and
JOHN DOE 1, 2, and 3, unknown federal
agents,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION

The plaintiff, who is currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* civil rights complaint on February 1, 2011. The Court summarily dismissed the plaintiff's complaint on February 22, 2011. The plaintiff filed a motion for reconsideration on March 21, 2011, arguing that he should have had an opportunity to respond before the Court took case-dispositive action. On March 25, 2011, the Court granted the motion for reconsideration, reopened the case, and granted the plaintiff leave to file an amended complaint by April 15, 2011. The Court granted the plaintiff an extension until May 20, 2011, but denied all other requests for extensions. On May 20, 2011, the plaintiff did not file an amended complaint but instead filed a motion seeking an admission of torture by the government. The Court dismissed the plaintiff's case with prejudice for failure to comply with the Court's order permitting the plaintiff to file an amended complaint and for the reasons stated in the Court's order of February 22, 2011. The Court also denied the plaintiff's first motion for reconsideration of this order.

Presently before the Court is the plaintiff's second motion for reconsideration of the Court's order dismissing the case with prejudice. Motions for reconsideration may be granted pursuant to

E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion for reconsideration, the plaintiff argues that the Court has an obligation to allow him to amend his pleadings when it is aware of a defect therein and that the Court failed to give him sufficient time to complete his amended complaint. He requests "one last and final chance" to amend his complaint and seeks a 30 day extension. Pl.'s Mot. for Reconsideration [dkt #28] at 2. However, as the Court noted in its order denying the plaintiff's first motion for reconsideration, the Court has already ruled on the propriety of another extension and this issue is not properly raised in a motion for reconsideration. The Court also noted that the plaintiff had failed to present any information about the merits of his motions or any potentially plausible claims to bolster his request for an extension. Although the plaintiff argues that the Court should give him every opportunity to amend his complaint, he has failed to demonstrate how the Court's earlier extension was insufficient or point to a clear error in the Court's determination that his complaint should be dismissed. Therefore, the Court will deny the plaintiff's second motion for reconsideration.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #28] is **DENIED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: June 14, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14 2011.

                                      s/Deborah R. Tofil
                                      DEBORAH R. TOFIL